10-156-ag
Zheng v. Holder

BIA
Nelson, IJ
A099 757 213

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of April, two thousand eleven.

PRESENT:
    JOHN M. WALKER, JR.,
    REENA RAGGI,
    GERARD E. LYNCH,
        *Circuit Judges.*

_____

MING YUN ZHENG,
        *Petitioner,*

    v.                                    10-156-ag

                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        G. Victoria Calle, New York, New
                       York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Cindy S.
                       Ferrier, Senior Litigation Counsel;
                       Brendan P. Hogan, Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ming Yun Zheng, a native and citizen of the People's Republic of China, seeks review of a December 31, 2009, order of the BIA affirming the March 17, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ming Yun Zheng*, No. A099 757 213 (B.I.A. Dec. 31, 2009), *aff'g* No. A099 757 213 (Immig. Ct. N.Y. City Mar. 17, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

Substantial evidence supports the agency's determination that Zheng failed to meet his burden of proof. The IJ reasonably found that Zheng's testimony alone, even

if credible, was insufficient to support his claim because his testimony was not sufficiently persuasive or detailed and was not reasonably corroborated.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu*, 575 F.3d at 196-99.  We have held that the IJ's designation of missing corroboration need not be done prior to the disposition of an alien's claim.  *See Chuilu,* 575 F.3d at 198-99; *see also*  8 U.S.C. § 1158(b)(1)(B)(ii)(REAL ID Act provision codifying the rule that an IJ, weighing the evidence to determine if the alien has met his burden, may rely on the absence of corroborating evidence adduced by an otherwise credible applicant unless such evidence cannot be reasonably obtained). Although the Court in *Chuilu* limited its holding to pre-REAL ID Act cases, we are not persuaded that the REAL ID Act provides for an enhanced notice requirement given that: (1) the REAL ID Act's corroboration requirement closely tracks the language in our case law regarding the procedures the IJ must follow in relying on an alien's failure to corroborate otherwise credible testimony, *see e.g., Diallo v. INS*, 232 F.3d 279, 285-86 (2d Cir. 2000); (2) such a requirement would contradict the immigration court's requirement that all supporting evidence must be filed in advance of the hearing; and (3) such a requirement would essentially

necessitate two merits hearings, causing unwarranted delay. Thus, the IJ did not err in relying on Zheng's failure to corroborate his claim with an affidavit from his brother and rejecting his explanation that he was unaware that an affidavit from his brother would be necessary. *See Chuilu*, 575 F.3d at 198 (stating that the alien bears the ultimate burden of introducing corroborative evidence without prompting from the IJ).

The IJ also reasonably refused to afford evidentiary weight to Zheng's baptism certificate because of the discrepancies regarding the year in which he was baptized and Zheng's failure to provide corroborating testimony from his pastor. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (providing that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ). Accordingly, we find that the IJ's determination that Zheng failed to meet his burden of proof is reasonable. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); 8 C.F.R. § 1208.13; *see also Chuilu*, 575 F.3d at 196-99. Because Zheng's claims for withholding of removal and CAT relief were based on the same factual predicate, the IJ also reasonably denied his claim for CAT relief on this same ground. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>